Filing # 99440336 E-Filed 11/25/2019 05:36:06 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL
CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

REBECCA SHEEHAN-PLOTKIN, an
individual,

      Plaintiff,

v.                                   Case No.: 19-CA-7933

TRI-CITY ELECTRICAL
CONTRACTORS, INC., a Florida profit
corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, REBECCA SHEEHAN-PLOTKIN ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, TRI-CITY ELECTRICAL CONTRACTORS, INC. ("Defendant"), and alleges as follows:

### INTRODUCTION

    1.    Plaintiff brings this lawsuit against Defendant after being subjected to adverse employment actions by Defendant, in violation of the Florida Civil Rights Act of 1992, Florida Statute § 760 et seq. ("FCRA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 ("ADEA"), the Americans with Disabilities Act, as amended/ADA Amendments Act of 2008, 42 U.S.C. § 12101 ("ADAAA"), and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

    2.    On or around September 5, 2018, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for discrimination and retaliation based on age and disability.

EXHIBIT "A"

3.    On August 27, 2019, the EEOC issued a Dismissal and Notice of Rights.

4.    All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## JURISDICTION, VENUE, AND PARTIES

5.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

6.    The unlawful practices alleged herein were committed within Lee County, Florida.

7.    At all times pertinent, Plaintiff was a citizen and resident of Lee County, Florida.

8.    At all times pertinent, Defendant was and remains a Florida profit corporation doing business in Lee County, Florida.

9.    Venue is proper in Lee County, Florida because all causes of action set forth herein accrued in Lee County, Florida.

## GENERAL ALLEGATIONS

10.    Defendant employed Plaintiff from approximately May 23, 2016 through May 31, 2018. At all times pertinent, Defendant employed Plaintiff as a branch receptionist/invoice clerk.

11.    At the time of termination, Plaintiff was sixty-five (65) years of age.

12.    Plaintiff suffers from serious health conditions and handicaps/disabilities, which substantially limit one or more of her major life activities. At all times pertinent, Plaintiff's serious health conditions and handicaps/disabilities substantially limited her mobility and required her to use a cane or walker for ambulation.

13.    At all times, Plaintiff was well qualified for her position, could perform all of the essential functions of her job with reasonable accommodation, and performed her job duties in a satisfactory manner.

14.    At all times material, Defendant acted by and through its agents, servants, work-persons, and employees, acting in the course and scope of their employment and authority and in furtherance of the business of Defendant.

15.    As a result of her serious health conditions and handicaps/disabilities, Plaintiff requested reasonable accommodations. Plaintiff applied for (and was approved for) leave under the FMLA for a hip replacement procedure.

16.    In or around April 2018, Plaintiff returned to work following her approved FMLA leave for her hip replacement.

17.    Approximately (1) week after Plaintiff returned to work from FMLA leave, Plaintiff again requested reasonable accommodations and advised Defendant that she would also require a knee replacement and would thus, require additional FMLA leave.

18.    Shortly thereafter, on or about May 31, 2018 Defendant terminated Plaintiff's employment under the guise of a reduction in force.

19.    Plaintiff did not have any prior write ups, never had any performance issues, and never had any disciplinary actions prior to her abrupt termination.

20.    Defendant targeted three (3) employees for termination, Plaintiff and two (2) others. The two (2) other employees selected for the supposed reduction in force were also older employees (over the age of fifty (50)), suffering serious health conditions and handicaps/disabilities of their own. Defendant did not select any younger employees for termination.

21.   Further, the supposed reduction in force was allegedly for the estimating department. However, at all times pertinent, Plaintiff was a branch receptionist/invoice clerk. Thus, if the supposed reduction in force was for the estimating department, and had nothing to do with Plaintiff's age and/or serious health conditions and handicaps/disabilities, Plaintiff would not have been selected for termination.

22.   Defendant terminated Plaintiff's employment as a result of her age and serious health conditions/handicaps/disabilities, upon her return from FMLA leave and advisement that she would require additional FMLA leave due to her serious health condition and/or handicaps/disabilities, denying Plaintiff's request for reasonable accommodation for her serious health conditions and handicaps/disabilities, otherwise failing to engage in the interactive process, and in retaliation for her request for reasonable accommodation for her serious health conditions and handicaps/disabilities and/or for requiring and taking FMLA leave.

23.   Plaintiff has been forced to retain the undersigned counsel to prosecute these claims and protect her rights and is obligated to pay counsel's reasonable attorneys' fees and costs.

## COUNT I - Disability Discrimination Under The FCRA

24.   Plaintiff re-alleges and incorporates paragraphs 1 through 23 of the Complaint as if set forth fully herein.

25.   Defendant has a policy and/or practice of terminating employees over the age of fifty (50) with handicaps and/or disabilities.

26.   Plaintiff's handicaps/disabilities and request for reasonable accommodation were determining factors in the adverse employment actions Defendant

perpetrated against Plaintiff as described above.

27.     Defendant discriminated against Plaintiff on the basis of her handicaps and/or disabilities by failing to make reasonable accommodations, failing to otherwise engage in the interactive process, and by terminating Plaintiff due to her handicaps/disabilities and request for reasonable accommodation, in violation of the FCRA.

28.     Defendant knowingly and willfully discriminated against Plaintiff on the basis of her handicaps and/or disabilities.

29.     As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to, lost wages, benefits and other economic losses, and emotional distress, for which she should be compensated.

30.     The conduct of Defendant complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant, for which Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

          (a)     Entry of a judgment in favor of Plaintiff and against Defendant;

          (b)     Back pay;

          (c)     Reinstatement, or in the alternative, front pay;

(d)    Compensatory damages;

(e)    Punitive damages;

(f)    Attorneys' fees and costs;

(g)    Pre-Judgment and Post-Judgment interest, as provided by law; and

(h)    Such other and further relief as the Court deems just and proper.

## COUNT II - Age Discrimination Under The FCRA

31.    Plaintiff re-alleges and incorporates paragraphs 1 through 23 of the Complaint as if set forth fully herein.

32.    Defendant has a policy and/or practice of terminating employees over the age of fifty (50).

33.    Defendant discriminated against Plaintiff on the basis of her age in violation of the Florida Civil Rights Act ("FCRA").

34.    On May 31, 2018, Defendant terminated Plaintiff's employment because of her age.

35.    At the time of Plaintiff's termination, she was sixty-five (65) years old.

36.    Plaintiff did not have any prior write ups, never had any performance issues, and never had any disciplinary actions prior to her abrupt termination.

37.    Plaintiff's age was a determining factor in the adverse employment actions Defendant perpetrated against Plaintiff as described above.

38.    Defendant knowingly and willfully discriminated against Plaintiff as described above on the basis of her age.

39.    Proximately and directly as a result of the foregoing violations, Plaintiff has suffered damages, including lost wages and emotional distress.

Case 2:19-cv-00897-JPB-MRM   Document 4-1   Filed 12/22/19   Page 7 of 13 PageID 17

40.     The conduct of Defendant complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant, for which Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

(a)     An award of back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled had she not been discriminatorily discharged, and interest thereon;

(b)     An award for all money paid for health benefits, all money paid for medical expenses, and reinstatement of sick leave and vacation entitlement;

(c)     Compensatory damages including, but not limited to, emotional distress damages;

(d)     Punitive damages;

(e)     An award of reasonable attorneys' fees and all costs incurred herein; and

(f)     Such other and further relief as the Court deems proper.

<u>COUNT III - Disability Discrimination Under the ADA/ADAAA</u>

41.     Plaintiff re-alleges and incorporates paragraphs 1 through 23 of the Complaint as if set forth fully herein.

42.     Defendant failed to make reasonable accommodations for Plaintiff by

Page 7 of 13

terminating her employment upon learning Plaintiff would require additional leave under the FMLA for her disabilities.

43.     On or about May 31, 2018, Defendant terminated Plaintiff because of her disabilities.

44.     Plaintiff was a qualified individual with serious health conditions and/or disabilities, which substantially limited one or more major life activities. Plaintiff had: (a) at least one (1) disability, i.e. a physical or mental impairment that substantially limited one or more of the major life activities of Plaintiff; (b) a record of such impairment; or (c) was regarded as having such an impairment.

45.     In spite of her disabilities, Plaintiff was able to perform all of the essential functions of her job. Plaintiff was otherwise qualified to perform the duties of her job if she was given reasonable accommodations.

46.     Plaintiff informed Defendant of the limitations of her disabilities and requested reasonable accommodations in the form of leave under the FMLA as described above.   Defendant unreasonably refused to provide Plaintiff with the reasonable accommodations she requested and instead terminated her employment after being faced with a request for reasonable accommodations.

47.     Plaintiff's termination was motivated by the intent of Defendant to discriminate against Plaintiff on the basis of her disabilities.

48.     In failing to make reasonable accommodations, and in terminating Plaintiff's employment, Defendant violated the ADA/ADAAA, which makes it unlawful for an employer to discharge or otherwise to discriminate against a qualified individual with a disability, with respect to compensation, terms condition, or privileges of employment

because of such individual's disability.

49.     Defendant conducted unlawful employment practices against Plaintiff at least in part because of her disabilities and her requests for a reasonable accommodation with regard to the terms, conditions, and privileges of employment in violation of the ADA/ADAAA, by not allowing her to work, and terminating her employment.

50.     In terminating Plaintiff, Defendant engaged in a discriminatory practice with malice and reckless indifference to the statutorily protected rights of Plaintiff. Defendant committed the acts herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice and a conscious disregard of Plaintiff's protected rights. The acts committed against Plaintiff were carried out by managerial employees of Defendant acting in a deceptive, deliberate, cold, callous, and intentional manner and in order to injure and damage Plaintiff.

51.     Proximately and directly as a result of Defendant discriminating against Plaintiff on account of her disability and requests for reasonable accommodation, Plaintiff has suffered damages consisting of past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, humiliation, and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

(a)     An order requiring Defendant to reinstate Plaintiff, requiring that all Defendant's records be corrected to reflect no break in service in Plaintiff's

employment with Defendant, or in the alternative, an award of front pay damages representing all the sums of money Plaintiff would have earned in the future, had she not been discharged;

    (b)    An award of back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled had he not been discriminatorily discharged, and interest thereon;

    (c)    An award for all money paid for health benefits, all money paid for medical expenses, and reinstatement of sick leave and vacation entitlement;

    (d)    Compensatory damages including, but not limited to, mental anguish, loss of enjoyment of life, loss of dignity and other intangible injuries;

    (e)    An award of reasonable attorneys' fees and all costs incurred herein; and

    (f)    Such other and further relief as the Court deems proper.

### COUNT IV – Violations Under The ADEA

52.    Plaintiff re-alleges and incorporates paragraphs 1 through 23 of the Complaint as if set forth fully herein.

53.    Defendant has a policy and/or practice of terminating employees over the age of fifty (50).

54.    Plaintiff did not have any prior write ups, never had any performance issues, and never had any disciplinary actions prior to her abrupt termination.

55.    Defendant terminated Plaintiff's employment and committed the other adverse employment actions described above against Plaintiff because of Plaintiff's age.

56.     Defendant knowingly and willfully discriminated against and terminated Plaintiff on the basis of her age in violation of the ADEA.

57.     Proximately and directly as a result of Defendant's discrimination against Plaintiff due to her age, Plaintiff has suffered damages, including lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

(a)     An order requiring Defendant to reinstate Plaintiff, requiring that all Defendant's records be corrected to reflect no break in service in Plaintiff's employment with Defendant, or in the alternative, an award of front pay damages representing all the sums of money Plaintiff would have earned in the future, had she not been discharged;

(b)     An award of back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled had she not been discriminatorily discharged, and interest thereon;

(c)     An award for all money paid for health benefits, all money paid for medical expenses, and reinstatement of sick leave and vacation entitlement;

(d)     An award for liquidated damages equal to the amount of back pay Plaintiff is awarded;

(e)     An award of reasonable attorneys' fees and all costs incurred herein; and

(f)     Such other and further relief as the Court deems proper.

## COUNT V - FMLA Interference

58.     Plaintiff re-alleges and incorporates paragraphs 1 and 5 through 23 of the

Complaint as if set forth fully herein.

59.     Plaintiff engaged in a statutorily protected activity when she advised Defendant that she would require additional FMLA leave from work for her serious health conditions and/or disabilities.

60.     Plaintiff was entitled to take FMLA leave.

61.     Defendant interfered with Plaintiff's rights under the FMLA by using Plaintiff's request and use of FMLA leave as a negative factor against her and by terminating Plaintiff's employment based on time Plaintiff missed (and would miss) from work while on FMLA leave.

62.     Plaintiff has suffered financial damages as a result of the interference.

63.     Defendant's violations were knowing and willful.

WHEREFORE, Plaintiff, demands judgment for damages against Defendant, for back pay, front pay, lost past and future employment benefits, liquidated damages, reinstatement of employment and benefits, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

## COUNT VI - FMLA Retaliation

64.     Plaintiff re-alleges and incorporates paragraphs 1 and 5 through 23 of the Complaint as if set forth fully herein.

65.     Plaintiff engaged in a statutorily protected activity when she took approved FMLA leave and when she advised Defendant that she would require additional FMLA leave from work for her serious health conditions and/or disabilities.

66.     Plaintiff was retaliated against for taking and attempting to take FMLA leave and was terminated as a result of, and in retaliation for, her desire to take FMLA

leave and/or for her use of FMLA leave.

67.     Plaintiff suffered an adverse employment action when she was terminated by Defendant following Plaintiff's FMLA leave.

68.     Plaintiff's termination was causally related to her engagement in a statutorily protected activity.

69.     Plaintiff has suffered financial damages as a result of the retaliation.

70.     Defendant's violations were knowing and willful.

WHEREFORE, Plaintiff, demands judgment for damages against Defendant, for back pay, front pay, lost past and future employment benefits, liquidated damages, reinstatement of employment and benefits, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
Primary E-Mail: BRothman@weldonrothman.com
Secondary E-Mail: LShell@weldonrothman.com

By: _____

Bradley P. Rothman, Esq.
Florida Bar No.: 0677345
Counsel for Plaintiff